FILED
SUPERIOR COURT
OF GUAM

2019 APR 16 PM 4: 51

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF 0772-18 |
|---|---|
| vs. | |
| **DIPSON BILLY**, aka Ranom, DOB: 08/27/1998 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 19, 2019, upon the Defendant's *Ex Parte* Motion and Application for Bail Redetermination Hearing Under 8 GCA § 40.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"), filed on January 16, 2019. Defendant Dipson Billy ("Defendant") was represented by Assistant Public Defender Zachary Taimanglo. Assistant Attorney General Jeremiah Luther represented the People of Guam ("the People"). For the reasons set forth below, having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On January 10, 2019, a grand jury returned an indictment and charged the Defendant with two counts of AGGRAVATED ASSAULT (as a Third Degree Felony) and SPECIAL ALLEGATION: Possession of Use of a Deadly Weapon in the Commission of a Felony. See

Indictment (Jan. 10, 2019). According to the Declaration attached to the Magistrate Complaint, the charges against the Defendant were based on allegations that the Defendant shot the victim in the face with a gun, causing severe damage to the victim's eye. See Magistrate Complaint (Dec. 31, 2018). The Defendant admitted to the police officers investigating the incident that he had been drinking and claims to have been just "playing around" when he fired the gun while aiming it at the victim. Id. There were also two minors that were present and allege to have witnessed the incident. Id.

The Defendant remains in custody pending the posting of Five Thousand Dollars ($5,000.00) cash bail. See Commitment Order (Dec. 31, 2018). The Defendant moves for his release on personal recognizance or unsecured bond. See *Ex Parte* Motion (Jan. 15, 2019). The People oppose the instant motion on the grounds that the Defendant would endanger the safety and well-being of the victim and the community, and that the Defendant is a possible flight risk. See Opp'n (Feb. 4, 2019).

## DISCUSSION

Guam law provides that "[a] person for whom conditions of release are imposed . . . and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50.

Section 40.15 of Title 8 of the Guam Code states, that the Court must "order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b) (emphasis added). Further, Guam law requires that the Court impose the least onerous conditions necessary to ensure the person appears in court and to keep the community safe. 8 GCA § 40.20; see Guam v. Song, 2011 Guam 19 ¶ 11. In making such determination, the Court must consider the nature of the offense charged, the apparent possibility of conviction, and the likely sentence. 8 GCA § 40.15(c)(1). The Court must also consider a series other factors, such as the history and characteristics of the person charged, his reputation and character, his prior

criminal record, any records of prior release on recognizance or on bail, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or any member of the community. Id. at (c)(2) through (6).

Here, the Court recognizes the Defendant has been a resident of Guam for the past eight (8) years and has familial and social ties to Guam. The Court also recognizes that the Defendant has no prior criminal record and has a low ORAS-PAT score. However, the Court agrees with the People that the Defendant fails to provide the Court with any reasonable assurances that the safety and well-being of the victim, other persons, or the community would not be endangered. Additionally, in light of the Defendant fleeing the scene of the incident and hiding from law enforcement, the Court is concerned that the potential lengthy sentence makes the Defendant a possible flight risk. Thus, in consideration of the violent nature of the charges contained in the Indictment, the Court finds that releasing the Defendant on personal recognizance is unwarranted at this time. Further, the Court finds that a Five Thousand Dollar ($5,000.00) cash bail is an appropriate amount.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion for Bail Redetermination on Personal Recognizance is **DENIED**.

**IT IS SO ORDERED** _____ **APR 1 6 2019** _____ .

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:
~DHUS 2) POSC~
Date: 4/16/19 Time: 5~
Deputy Clerk, Superior Court of Guam

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**